UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PIOTR RUTKOWSKI,<br>    Petitioner,<br><br>v.<br><br>KIRSTJEN M. NIELSEN, THOMAS HOMAN, THOMAS BROPHY, STEVEN SOUZA, THOMAS M. HODGSON, AND CHRISTOPHER CRONEN,<br>    Respondents. | )<br>)<br>)<br>)<br>) C.A. No. 18-10953<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                          May 14, 2018

      Piotr Rutkowski's Petition for Writ of Habeas Corpus was filed on May 11, 2018. The Secretary of Homeland Security is a respondent and evidently the real adverse party. The case involves some of the same claims as <u>Arriaga-Gil v. Tompkins</u>, C.A. No. 17-10743, <u>De Oliveira v. Moniz et al.</u>, C.A. No. 18-10150, <u>Calderon Jimenez v. Nielsen</u>, C.A. No. 18-10225, <u>Junqueira v. Souza</u>, C.A. No. 18-10307, and <u>Dos Santos v. Nielsen</u>, C.A. No. 18-10310, including but not limited to whether petitioner is being detained by Immigration and Customs Enforcement ("ICE") in violation of Department of Homeland Security ("DHS") regulations. <u>See</u> 8 C.F.R. §241.4. Like the petitioners in <u>Calderon</u>, Rutkowski also seeks an order enjoining his removal from the United States until he receives a decision on his anticipated application for a provisional waiver of inadmissibility under 8 C.F.R. §212.7(e). Therefore, this case was

properly designated by Rutkowski as related to Calderon and Junqueira. See L.R. 40.1(g). Accordingly, this case was correctly assigned to this court. Id.

On May 8, 2018, the court heard oral argument in Calderon and Junqueira regarding petitioners Lucimar De Souza's and Junqueira's claims that they were entitled to bail hearings and release from ICE custody. The court determined that ICE violated its regulations, 8 C.F.R. §241.4, in deciding to detain them for more than three months, and decided to conduct bail hearings for both petitioners. ICE subsequently agreed to release them on conditions. The parties ordered the transcript of the court's oral explanation for the decision on an expedited basis, and a written Memorandum and Order memorializing and amplifying it will issue.

Accordingly, it is hereby ORDERED that:

1. The Clerk of this Court shall serve forthwith a copy of the petition (Docket No. 1) upon respondents and the United States Attorney for the District of Massachusetts.

2. The parties, including the Secretary of Homeland Security, shall confer concerning, among other things, the implications of the May 8, 2018 decision in Calderon v. Nielsen, C.A. No. 18-10225, and Junqueira v. Souza, C.A. No. 18-10307, and, by May 23, 2018, jointly if possible, but separately if necessary: (a) report whether they have reached an agreement to resolve any of the issues in this case; if not, (b) report whether they request

2

more time to continue their discussions; and if not, (c) propose a schedule for briefing and a subsequent hearing.

3. Respondents shall, by May 21, 2018, file an affidavit from an ICE representative seeking to show cause for Rutkowski's detention. See 28 U.S.C. §2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."). The affidavit shall describe, among other things: (a) the official who made the original decision that Rutkowski should be detained; (b) the legal basis for the decision, including whether ICE considers De Souza's detention mandatory or discretionary; (c) the procedures followed in reaching the decision and, if any, the individualized reasons for it; (d) whether ICE has conducted, or plans to conduct, a custody review pursuant to 8 C.F.R. §241.4; and if so (e) whether and when ICE notified petitioner and his counsel of the custody review; and (f) when ICE conducted or plans to conduct the review.

4. In order to preserve the court's jurisdiction, to provide the parties an opportunity to attempt to resolve this case and, if necessary, to brief the issues properly, petitioner shall not be moved outside the District of Massachusetts, temporarily or permanently, during the pendency of this case. See 28 U.S.C.

§1651(a)("[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."). This requirement may be reconsidered by the court <u>sua sponte</u> or upon motion by either party.

                                    /s/ Charles P. Wolf
                                  UNITED STATES DISTRICT JUDGE